Marc P. Girard and Renee D. Girard v. Commissioner.
Girard v. Commissioner
Docket No. 4290-66.
United States Tax Court
T.C. Memo 1968-67; 1968 Tax Ct. Memo LEXIS 231; 27 T.C.M. (CCH) 357; T.C.M. (RIA) 68067; April 18, 1968. Filed Sidney J. Leshin, for the petitioners. Lawrence J. Shongut, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $1,700.73 in petitioners' income tax for the taxable year ending December 31, 1964. The sole issue is one of substantiation of various claimed deductions. Findings of Fact Petitioners are husband and wife and resided in New York, New York, at the time of the filing of the petition herein. They timely filed their 1964 Federal income tax return with the district director of internal revenue in the Borough of Manhattan, City and State of New York. Petitioner husband suffered a serious accident in 1963 which required extensive medical care. He was a patient at the Jewish Memorial Hospital from November 1, 1963 until May 2, 1964 and *232 convalesced at home until August 1964. Petitioners on their 1964 return claimed deductions of $8,345.75 for medical expenses, 358 $410 for charitable contributions, and $375 for taxes, all of which were disallowed by respondent. During 1964, petitioners expended the following sums for medical expenses: Jewish Memorial Hospital
$2,618.00
Mildred Weinberger (nurse)
1,562.00
Falk Surgical Co
300.35
Dr. Philip Slater
90.00
Dr. S. Kotick
240.00
Dr. Harold Spalter
52.00
Dr. Robert Luksin
69.00
Rehabilitation equipment, supplies
188.00
Miscellaneous cash payments for medi- cal care 400.00
$5,519.35
During 1964, petitioners made charitable contributions as follows: Boy Scouts of America
$100.00
Miscellaneous 75.00
$175.00
During 1964, petitioners paid taxes as follows: State gasoline taxes (10,000 miles)
$ 44.00
Sales taxes
80.00
N. Y. State income tax 225.00
$349.00
During 1964, petitioner wife paid $60 in union dues, which amount was not claimed as a deduction on the 1964 return. Opinion The only issue before us involves the substantiation of the actual payment of certain claimed expenses, *233 otherwise deductible under sections 162, 170, and 213 of the Internal Revenue Code of 1954. Petitioner wife was the sole witness at the trial. She was forthright and convincing. Much of her testimony was supported by documentary evidence in the form of checks. Our findings of fact reflect the amounts which petitioners are entitled to deduct. In order to reflect these findings, Decision will be entered under Rule 50.